José Cot Santiago, Plaintiff and Appellee, *v.* Ada F. Emanuelli Betances, Defendant and Appellant.

No. 9083. Argued February 19, 1945.—Decided March 9, 1945.

*Leopoldo Tormes García* for appellant.   *Raúl Matos* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

Section 96 of the Civil Code, as amended by Act No. 62, Laws of P. R., 1942, provides as a ground for divorce separation of both spouses for an uninterrupted period of three years. On August 18, 1943, José Cot Santiago filed suit for divorce against his wife, Ada F. Emanuelli Betances, alleging that they had been separated for an uninterrupted period of five years. The defendant answered, denying the separation and interposing certain special defenses. After a trial on the merits, a judgment decreeing the divorce was entered. The defendant appealed from that judgment. The plaintiff moved to dismiss the appeal as frivolous. At the hearing on the motion, the parties submitted the appeal on its merits.

The appellant attacks the constitutionality of § 96 as amended; and insists that the district court erred in striking his special defense of recrimination in which it was alleged that for several years prior to the suit the plaintiff was living in open and notorious adultery with another woman, who had borne him two adulterous children.

We have held that § 96 as amended is constitutional, and that recrimination can not be set up as a defense in a case of this nature. (*Simonet* v. *Sandoval*, 63 P. R.R. 503; *Núñez* v. *López*, 62 P.R.R. 543; *Pérez Valdivieso* v. *León*, 52 P.R.R. 496.) We see no purpose in repeating our reasoning here. The defendant has filed an able and exhaustive brief; but after a careful study thereof, we find no occasion to change our views as stated in the aforesaid cases. We therefore adhere to them. See " 'Recrimination' *as available defense in suit for divorce based on separation*

*for specified period,"* 152 A.L.R. 336; *Young* v. *Young,* 178 S. W. (2) 994 (Ark., 1944).[1]

The defendant argues against the constitutionality of the provision in the statute that the "woman . . . shall always be considered as the innocent spouse, with all the rights inherent in such condition following divorce." But that question is not before us. Here the woman was innocent in fact, and the judgment so decreed as a matter of law. We specifically left open in the *Simonet* case the question of whether this provision of the statute would be constitutional as applied to a husband who was either plaintiff or defendant in a divorce suit and was innocent in fact. As it is not involved herein, that question continues to remain open.

■ The plaintiff alleged in the complaint that there was no community property. The defendant denied this, alleging that there was community property, amounting to more than $40,000. The lower court granted the plaintiff's motion to eliminate this allegation from the answer. Although the defendant sets up this action of the lower court as erroneous, she concedes that it could not affect any subsequent proceeding relating to the alleged community property. The error, if any, was not prejudicial.

■ The defendant also contends that the district court erred in weighing the evidence. She admits that she and her husband have lived apart the necessary number of years. But she attempted to show that during that time she occasionally visited a country home of her husband where they acted as husband and wife. The district court did not be-

---

[1] Counsel for the defendant asserts that in none of the cases previously decided by this court was the defense of recrimination actually raised by the defendant. But in the *Núñez* case the district court, as a result of cross-examination disclosing adultery of the husband during the period of separation, *sua sponte* entered judgment dismissing the suit on the ground of recrimination. We reversed that judgment, holding that recrimination is not a defense in cases of this type. Whether the defendant sets up the defense or the district court on its own motion considers the defense, the result is the same: we have held, not merely asserted in a dictum, that the defense does not lie.

lieve this testimony, and held that the evidence as a whole showed the necessary uninterrupted separation. There is ample testimony in the record to support this finding. We are therefore not at liberty to disturb it.

The judgment of the district court will be affirmed.